**IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| **CURTIS OLSON**<br>2059 Danville Drive<br>Cincinnati, Ohio  45233-4204, | : <br> : <br> : | Case No.: _____<br><br>Judge _____ |
| Plaintiff, | : <br> : <br> : | |
| vs. | : <br> : | |
| **STATE FARM FIRE & CASUALTY CO.**<br>P.O. Box 106169<br>Atlanta, Georgia  30348-6169, | : <br> : <br> : <br> : | |
| Also serve:<br>Corporate Service Co., Statutory Agent<br>3366 Riverside Dr., Suite 103<br>Upper Arlington, Ohio  43221, | : <br> : <br> : <br> : <br> : | |
| Defendant. | : <br> : | **COMPLAINT** |

*NOW COMES* plaintiff Curtis Olson, by and through counsel, and for his Complaint states the following:

**Parties**

1.      Plaintiff CURTIS OLSON (hereinafter "Olson") is a citizen of the State of Ohio residing at 2059 Danville Drive, Cincinnati, Ohio  45233-4204 (the "Residence"), within Hamilton County, Ohio.

2.      Defendant STATE FARM FIRE & CASUALTY COMPANY ("State Farm") is a mutual insurance company duly licensed to conduct business within the State of Ohio and regularly insures single-family residences, including those in Miami County, Ohio.  State Farm has issued homeowner's insurance to Olson, being policy #70-GD-R068-7 ("Home-owner's Policy"), covering the Residence.

-1-

### General Allegations

3.      On April 5, 2022, there was a severe storm in Hamilton County with heavy winds and hail damage. The winds caused severe damage to the roofing on the Residence, causing a great many shingles to be torn or damages, damaging the underlying roofing, and necessitating the replacement of that roofing.

4.      Within the next several days, acting through State Farm's local agent, Olson filed a Homeowner's Claim with State Farm, being claim #35-32K2-73V ("Homeowner's Claim").

5.      On April 29, 2022, State Farm's adjustor inspected the damage, determined that coverage existed, but only approved the repair of damaged portions of the roofing, a total of $611.38.  Furthermore, because the Homeowner's Policy contained a $1,000.00 deduction, State Farm determined that it owed Olson nothing under the Homeowner's Claim.  A true and accurate copy of the correspondence, dated May 1, 2022, assessing said Homeowner's Claim is attached hereto and incorporated herein as Exhibit "A".

6.      Olson retained Great Roofing & Restoration, LLC ("Great Roofing") to provide an estimate of the actual restoration costs necessary, including repair of the shingal and roofing damages, totaling $30,382.97.  Thereafter, Olson submitted this estimate to State Farm.  A true and accurate copy of Great Roofing's estimate, dated June 21, 2022, is attached hereto and incorporated herein as Exhibit "B".

7.      On July 25, 2022, after Olson received no reaction regarding the estimate prepared by Great Roofing, Olson submitted a demand for an appraisal pursuant to the sections "Property Coverages Section I" and "Coverage A – Dwelling" and subsection "4. Appraisal." A true and accurate copy of Olson's demand for appraisal, dated July 25, 2022, is attached hereto and incorporated herein as Exhibit "C".

8.      In response, State Farm denied Olson's demand for appraisal on the grounds that the "amount of loss" to be determined by appraisal included only the pricing of the repairs State Farm claimed were covered, not the actual extent of coverage under the Homeowner's Policy.  A true and accurate copy of State Farm's response to Olson's demand letter, dated August 8, 2022, is attached hereto and incorporated herein as Exhibit "D"

-2-

<u>Count One – Appraisal</u>

9.      Plaintiffs restate each and every allegation contained in the General Allegations set forth in Paragraph One through Eight (1-8) of the Complaint as if fully rewritten herein.

10.      The Homeowner's Policy reputedly provides as follows

4. **Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that an amount of the loss be set by appraisal.  Only *you* and *we* may demand appraisal.  A demand for appraisal must be in writing.  *You* must comply with **SECTION I — CONDITIONS, Your Duties After Loss** before making a demand for appraisal.  At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identify separately each item being disputed.

   a. Each party will select a competent, disinterested appraise and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.

   b. The appraisers will then attempt to set the amount of the loss of each item in the dispute as signed by them.  In all instances the written report of agreement will be itemized and sate separately the *actual cash value*, replacement cost, and if applicable, the market value of each item in dispute.

      The written report of agreement will set the amount of the loss of each item in dispute and will be binding on *you* and *us*.

   c. If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, disinterested umpire and will submit their differences to the umpire.  If the appraisers are unable to agree upon an umpire within 15 days:

      (1) *you* and *we* may reach a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the *residence premises* is located to select an umpire.

      (2) The party requesting the selection described in item c.(1) must provide the other party:

-3-

(a) written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application; and

(b) a copy of the written application; and

(3) A written report of agreement, as required in item b., signed by any two (appraisers or appraisers and umpire) will set the amount of the loss of each item in dispute and will be binding upon **you** and **us**. In all instances, the written report f agreement will be itemized and state separately the actual cash value, replacement cost, and if applicable, the market value of each item in dispute.

*   *   *   *

f. Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by **you** and **us**.

g. **You** and **we** do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

The above language allegedly set forth in the Homeowner's Policy of which Olson does not have in his possession and is taken from the representation by State Farm of that language, as set forth in Exhibit "D" herein.

11. By denying the demand for appraisal, State Farm has refused to allow that process to determine the amount of loss suffered by Olson, as set forth in the Section I – Conditions, para. 4. "Appraisal" of the Homeowner's Policy. (*See* State Farm's denial of appraisal, dated August 8, 2022, at p. 1, para. 4, citing terms of "Appraisal".) Said denial thereby constitutes a direct breach of the conditions of appraisal set forth in the Homeowner's Policy.

12. As a direct and proximate result of said breach of the Homeowner's Policy, Olson have suffered and continue to suffer damages estimated to be excess of $25,000.00 in an amount to be more fully determined at trial.

13. However, in order reach resolution of this matter faster, Olson would be willing to stay any tort proceedings against State Farm and engage in the appraisal

-4-

process. Should appraisal result in the settlement of the Homeowner's Claim brought by Olson and the payment of funds agree to therein, Olson would dismiss his tort claims. Should appraisal fail to result in a settlement, Olson would remove any stay and proceed with his tort claims.

### Count Two – Breach of Contract

14.     Plaintiffs restate each and every allegation contained in the General Allegations set forth in Paragraph One through Eight (1-8) of the Complaint as if fully rewritten herein.

15.     The actions of State Farm set forth above, including its failure to pay for the damages to the Residence caused by the severe storm, high wind and hail damage, constitute a breach of the Homeowner's Policy.

16.     As a direct and proximate result of said breach of the Insurance Homeowner's Policy, Olson have suffered and continue to suffer damages estimated to be excess of $25,000.00 in an amount to be more fully determined at trial.

### Count Three – Good Faith and Fair Dealing

17.     Plaintiffs restate each and every allegation contained in the General Allegations set forth in Paragraph One through Eight (1-8) of the Complaint as if fully rewritten herein.

18.     State Farm, as a party to the Homeowner's Policy, had a duty under Ohio common law to deal fairly and in good faith with Olson and to undertake all reasonable efforts to protect their interests with respect to Homeowner's Claims presented by them pursuant to the Homeowner's Policy.

19.     State Farm has breached that common law duty of good faith and fair dealing with Olson, *inter alia*, by:

(a)     failing to make any effort to reasonably protect the Property as required in the Homeowner's Policy;

(b)     acting arbitrarily, capriciously and/or maliciously in refusing to settle the Homeowner's Claim under circumstances that did not furnish a reasonable justification for

-5-

that refusal; and

      (c)     State Farm has placed its own interests ahead of the interests of Olson.

      20.     Such actions were undertaken maliciously.

      21.     As a direct and proximate result of said breach of good faith and fair dealing, Olson have suffered and continue to suffer damages estimated to be excess of $25,000.00 in an amount to be more fully determined at trial.

## Request for Relief

*WHEREFORE*, plaintiff Curtis Olson requests that a judgment be entered in his favor and against defendant State Farm Fire & Casualty Company as follows:

      A.     An order requiring the parties to engage in an appraisal of the Homeowner's Claim, #35-32K2-73V, as set forth in the Homeowner's Policy, #70-GD-R068-7. Should the parties engage in appraisal, but failed to reach a resolution of the Homeowner's Claim, the Olson demands the following:

      B.     An award of compensatory damages in an amount that will fully compensate plaintiff for his injuries, to be more fully determined at trial;

      C.     An award of punitive damages against in the amount of Five Hundred Thousand Dollars ($500,000.00);

      D.     An award of reasonable attorney's fees; and

      E.     Such other relief as this court may deem just and proper.

/s/ John H. Forg
**John H. Forg (0041972)**
Law Office of John H. Forg
P.O. Box 72
West Chester, Ohio 45071
ph: (513) 379-5205
johnhforg@gmail.com

Attorney for Plaintiff
Curtis Olson

-6-

OLSON, CURTIS                                                                                               35-32K2-73V



**State Farm**
P.O. Box 106169
Atlanta, GA 30348-6169
Fax: 1-844-236-3646
statefarmfireclaims@statefarm.com

## Structural Damage Claim Policy

This estimate is priced based on estimated market pricing for the cost of materials, labor, and other factors at the time of the loss.

Adjustments in market pricing and timing of the repairs may impact the final cost of covered repairs. Should you or the contractor you select have questions concerning our estimate, please contact us. If your contractor's estimate is higher than ours, you should contact us prior to beginning repairs. State Farm will work with you and your contractor to determine the actual and necessary cost of covered repairs at the time repairs will be completed, subject to policy terms, conditions and limits.

• We want you to receive quality repair work to restore the damages to your property.

• We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

• Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

• There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

• State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

• State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

• It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

Date:    5/1/2022 1:55 PM                                                                      132214.1

PLAINTIFF'S
EXHIBIT
A

35-32K2-73V

**StateFarm**    # Building Estimate Summary Guide

**This summary guide is based on a sample estimate and is provided for reference only.**
**Please refer to the estimate for specifics of your claim.**

## State Farm Insurance

| | |
|---|---|
| Insured: Smith, Joe & Jane | Estimate: 00-0000-000 |
| Property: 1 Main Street | Claim number: 00-0000-000 |
| Anywhere, IL 00000-0000 | Policy Number: 00-00-0000-0 |
| Type of Loss: Other | Price List: ILBL8F_MAR 13 |
| Deductible: $1,000.00 | Restoration/Service/ Remodel |
| | F = Factored In, |
| | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit) [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

### Maximum Additional Amounts Available If Incurred:

| | |
|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 |
| Less Non - recoverable Depreciation (Including Taxes) [7] | |
| Subtotal | 312.50 |
| General Contractor O&P on Depreciation | 166.50 |
| Less General Contractor O&P on Non - recoverable Depreciation | |
| Subtotal | |
| Total Maximum Additional Amounts Available If Incurred [8] | |
| Total Amount of Claim If Incurred [9] | |

Claim Representative _____

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total –** Total value of all line items in the estimate plus possible adjustments for *labor minimums. Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs. .

2. **General Contractor's Overhead and Profit –** General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV) –** Estimated cost to repair or replace damaged property.

4. **Depreciation –** The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible –** The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV) –** The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible.*

7. **Non Recoverable Depreciation –** *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred –** Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred –** Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

State Farm

OLSON, CURTIS                                                                                          35-32K2-73V

|  | Insured: | OLSON, CURTIS | | Estimate: | 35-32K2-73V |
|--|----------|---------------|--|-----------|-------------|
|  | Property: | 2059 DANVILLE DR | | Claim Number: | 3532K273V |
|  |  | CINCINNATI, OH 45233-4204 | | Policy Number: | 70GDR0687 |
|  | Home: | 502-418-1899 | | Price List: | OHCI28_APR22 |
|  | Cellular: | 513-537-4942 | |  | Restoration/Service/Remodel |
|  | Type of Loss: | Wind Damage | |  |  |
|  | Deductible: | $1,000.00 | |  |  |
|  | Date of Loss: | 4/5/2022 | |  |  |
|  | Date Inspected: | 4/29/2022 | |  |  |

### Summary for Coverage A - Building - 35 Windstorm and Hail

| Line Item Total | 611.38 |
|-----------------|--------|
| Material Sales Tax | 0.42 |
| Replacement Cost Value | 611.80 |
| Less Deductible | (1,000.00) |
| Replacement Cost Value Total | (388.20) |
| Net Payment | $0.00 |

Edwards, Dwight
844-458-4300 x 3097631106

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

E-FILED 03/02/2023 3:09 PM / CONFIRMATION 1291250 / A 2300887 / COMMON PLEAS DIVISION / IFO

## State Farm

OLSON, CURTIS

35-32K2-73V

### Dwelling
### Roof Structure



Roof Surface

| | | |
|---|---|---|
| 3,535.18 Surface Area | | 35.35 Number of Squares |
| 547.76 Total Perimeter Length | | 139.70 Total Ridge Length |
| 48.85 Total Hip Length | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| **\*\*\*\*LINE ITEMS BELOW ARE FOR REPAIRS TO REAR SLOPE\*\*\*\*** | | | | |
| 1. Remove Laminated - comp. shingle rfg (per SHINGLE) | 3.00 EA | 7.79 | 0.00 | 23.37 |
| 2. Laminated - comp. shingle rfg (per SHINGLE) | 3.00 EA | 17.82 | 0.42 | 53.88 |
| 3. Roofer - per hour | 2.00 HR | 142.07 | 0.00 | 284.14 |

The above line item is an allowance for steep and high charges to conduct repairs

| Totals: Roof Surface | | | 0.42 | 361.39 |
|---|---|---|---|---|

Area Totals: Roof Structure

| | | |
|---|---|---|
| 4,315.56 Exterior Wall Area | | |
| 3,535.18 Surface Area | 35.35 Number of Squares | 547.76 Total Perimeter Length |
| 139.70 Total Ridge Length | 48.85 Total Hip Length | |

| Total: Roof Structure | | | 0.42 | 361.39 |
|---|---|---|---|---|

Exterior

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| **No storm related damages found to elevations** | | | | |

| Totals: Exterior | | | 0.00 | 0.00 |
|---|---|---|---|---|

Area Totals: Dwelling

Date:    5/1/2022 1:55 PM

Page: 4

### State Farm

OLSON, CURTIS                                                                                    35-32K2-73V

| | | |
|---|---|---|
| 4,315.56 Exterior Wall Area | | |
| 3,535.18 Surface Area | 35.35 Number of Squares | 547.76 Total Perimeter Length |
| 139.70 Total Ridge Length | 48.85 Total Hip Length | |

| | | |
|---|---|---|
| **Total: Dwelling** | 0.42 | 361.39 |

**Debris Removal**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 4. Haul debris - per pickup truck load - including dump fees | 0.25 EA | 144.56 | 0.00 | 36.14 |
| **Totals: Debris Removal** | | | **0.00** | **36.14** |

**Labor Minimums Applied**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 5. Roofing labor minimum | 1.00 EA | 214.27 | 0.00 | 214.27 |
| **Totals: Labor Minimums Applied** | | | **0.00** | **214.27** |

| | | |
|---|---|---|
| **Line Item Totals: 35-32K2-73V** | 0.42 | 611.80 |

## Grand Total Areas:

4,315.56  Exterior Wall Area

| | | |
|---|---|---|
| 3,535.18 Surface Area | 35.35 Number of Squares | 547.76 Total Perimeter Length |
| 139.70 Total Ridge Length | 48.85 Total Hip Length | |

Date:    5/1/2022 1:55 PM                                                                       Page: 5

E-FILED 03/02/2023 3:09 PM / CONFIRMATION 1291250 / A 2300887 / COMMON PLEAS DIVISION / IFO

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **DMO    GENERAL DEMOLITION** | | | | | |
| Haul debris - per pickup truck load - including dump fees | 0.25 EA | $36.14 | $36.14 | $0.00 | $0.00 |
| **TOTAL GENERAL DEMOLITION** | | **$36.14** | **$36.14** | **$0.00** | **$0.00** |
| **RFG    ROOFING** | | | | | |
| Laminated - comp. shingle rfg (per SHINGLE) | 3.00 EA | $53.88 | $53.88 | $0.00 | $0.00 |
| Remove Laminated - comp. shingle rfg (per SHINGLE) | 3.00 EA | $23.37 | $23.37 | $0.00 | $0.00 |
| Roofer - per hour | 2.00 HR | $284.14 | $284.14 | $0.00 | $0.00 |
| Roofing labor minimum | 1.00 EA | $214.27 | $214.27 | $0.00 | $0.00 |
| **TOTAL ROOFING** | | **$575.66** | **$575.66** | **$0.00** | **$0.00** |
| **TOTALS** | | **$611.80** | **$611.80** | **$0.00** | **$0.00** |

Note:  Slight variances may be found within report sections due to rounding

Date:    5/1/2022 1:55 PM

Roof Structure

Page: 7



N

Roof Surface

F6(B)

F5(A)

R12 (6)

F12

R20 (13)

R13 (10)

F21(A)

R10 (9)

F11

 **Great Roofing & Restoration**

| | | | |
|---|---|---|---|
| Client: | Curtis Olson | Cellular: | (513) 537-4942 |
| Home: | 2059 Danville Drive | | |
| | Cincinnati , OH 45233-4204 | | |

Operator: KRISL

| | | | |
|---|---|---|---|
| Estimator: | Kris Lindstrom | Business: | (614) 517-8300 |
| Company: | Great Roofing & Restoration | E-mail: | Krisl@greatroofing.com |
| Business: | 709 W. Littleton Blvd. | | |
| | Littleton, CO 80120 | | |

Type of Estimate: Hail and Wind Damage
Date Entered: 6/21/2022          Date Assigned:

Price List: OHCI8X_JUN22
Labor Efficiency: Restoration/Service/Remodel
Estimate: OLSON
File Number: Claim Number: 3532K273V


**PLAINTIFF'S EXHIBIT**
B

 **Great Roofing & Restoration**

OLSON

### Dwelling Roof

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | TOTAL |
|---|---|---|---|---|---|
| **Shingles** | | | | | |
| 1. Remove Laminated - comp. shingle rfg. - w/ felt | 33.97 SQ | 60.69 | 0.00 | 0.00 | 2,061.64 |
| 2. Remove Additional charge for high roof (2 stories or greater) | 33.97 SQ | 5.98 | 0.00 | 0.00 | 203.14 |
| 3. Remove Additional charge for steep roof - 7/12 to 9/12 slope | 12.75 SQ | 15.83 | 0.00 | 0.00 | 201.83 |
| 4. Remove Additional charge for steep roof - 10/12 - 12/12 slope | 17.56 SQ | 24.87 | 0.00 | 0.00 | 436.72 |
| 5. Laminated - comp. shingle rfg. - w/out felt | 40.33 SQ | 0.00 | 256.08 | 375.29 | 10,703.00 |
| 6. Additional charge for high roof (2 stories or greater) | 13.58 SQ | 0.00 | 22.34 | 0.00 | 303.38 |
| 7. Additional charge for steep roof - 7/12 to 9/12 slope | 12.75 SQ | 0.00 | 50.59 | 0.00 | 645.02 |
| 8. Additional charge for steep roof - 10/12 - 12/12 slope | 17.56 SQ | 0.00 | 79.50 | 0.00 | 1,396.02 |
| 9. Asphalt starter - universal starter course | 500.00 LF | 0.00 | 2.16 | 22.62 | 1,102.62 |
| 10. R&R Ridge cap - composition shingles | 184.00 LF | 3.10 | 4.80 | 19.09 | 1,472.69 |
| **Underlayments** | | | | | |
| 11. Roofing felt - 15 lb. | 15.07 SQ | 0.00 | 36.41 | 9.03 | 557.73 |
| 12. Ice & water barrier | 1,860.00 SF | 0.00 | 1.74 | 66.74 | 3,303.14 |

2 courses of ice and water barrier added to the eaves due to the 14" overhang and added to the valleys to meet code

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | TOTAL |
|---|---|---|---|---|---|
| **Vents and Flashings** | | | | | |
| 13. R&R Drip edge | 500.00 LF | 0.37 | 2.85 | 40.56 | 1,650.56 |
| 14. R&R Flashing - pipe jack | 2.00 EA | 7.98 | 49.42 | 2.07 | 116.87 |
| 15. R&R Continuous ridge vent - shingle-over style | 185.00 LF | 0.96 | 9.38 | 48.48 | 1,961.38 |
| 16. Step flashing | 144.00 LF | 0.00 | 10.66 | 17.07 | 1,552.11 |
| 17. R&R Flashing, 14" wide | 34.00 LF | 0.67 | 4.46 | 4.16 | 178.58 |
| 18. R&R Flashing - pipe jack - split boot | 2.00 EA | 8.95 | 86.65 | 7.24 | 198.44 |
| 19. R&R Chimney flashing - large (32" x 60") | 1.00 EA | 28.31 | 574.07 | 9.13 | 611.51 |
| 20. Digital satellite system - Detach & reset | 1.00 EA | 0.00 | 39.21 | 0.00 | 39.21 |

**Additional Labor**

OLSON          6/21/2022      Page: 2

 **Great Roofing & Restoration**

### CONTINUED – Dwelling Roof

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | TOTAL |
|---|---|---|---|---|---|
| 21. Roofer - per hour | 6.00 HR | 0.00 | 142.42 | 0.00 | 854.52 |
| Line item added to work on the 3 story, rear elevation of the home and to manually remove the debris from the back yard | | | | | |
| Totals: Dwelling Roof | | | | 621.48 | 29,550.11 |

### Temporary Repairs

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | TOTAL |
|---|---|---|---|---|---|
| 22. Temporary Repairs - per hour | HR | 0.00 | 74.18 | 0.00 | 0.00 |
| 23. R&R Tarp - all-purpose poly - per sq ft | 25.00 SF | 0.09 | 1.08 | 0.55 | 29.80 |
| Totals: Temporary Repairs | | | | 0.55 | 29.80 |

### Debris Removal

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | TOTAL |
|---|---|---|---|---|---|
| 24. Dumpster load - Approx. 30 yards, 5-7 tons of debris | 1.00 EA | 665.00 | 0.00 | 0.00 | 665.00 |
| Totals: Debris Removal | | | | 0.00 | 665.00 |

### Labor Minimums Applied

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | TOTAL |
|---|---|---|---|---|---|
| 25. Temporary repair services labor minimum | 1.00 EA | 0.00 | 138.06 | 0.00 | 138.06 |
| Totals: Labor Minimums Applied | | | | 0.00 | 138.06 |
| **Line Item Totals: OLSON** | | | | 622.03 | 30,382.97 |

E-FILED 03/02/2023 3:09 PM / CONFIRMATION 1291250 / A 2300887 / COMMON PLEAS DIVISION / IFO

 **Great Roofing & Restoration**

## Summary

| | |
|---|---:|
| Line Item Total | 29,760.94 |
| Material Sales Tax | 622.03 |
| | |
| **Replacement Cost Value** | **$30,382.97** |
| **Net Claim** | **$30,382.97** |

Kris Lindstrom

OLSON                                                      6/21/2022          Page: 4

image0.jpeg

Insured: _Curtis    Olson_____

Insurer: _State Farm_____ Claim number: _35-32K2-73V_

### WRITTEN DEMAND FOR APPRAISAL

I, the Insured named above and signed below, do not agree with the Insurer named above on the amount and value of the loss. Further, I do not agree on the dollar amount for performing the exact approved estimate by the adjuster for the loss referenced by the claim number above. Therefore, I demand that the amount of loss be set by appraisal.

_Curts Oh_____
Signature of Insured

_Curti's Olso_____
Printed Name

_7-25-2022_____
Date Signed

I nominate and appoint the following as my appraiser:

Jason Monday, Public Insurance Adjuster
Cell 513-485-7248
jasonm@indemnity.claims

**PLAINTIFF'S
EXHIBIT**
_L_

1/20/23, 1:46 PM                                                Olson 1.jpg



August 8, 2022

State Farm Insurance Companies
Fire Claims
P.O. Box 106169
Atlanta, GA 30348-6169
Fax 844 236 3846

CURTIS OLSON
2059 DANVILKLE DR
CINCINNATI OH 45233

RE:  Claim Number:    35-32K2-73V
     Policy Number:   70-GD-R068-7
     Insured:         Curtis Olson
     Address:         2059 Danville Drive
                      Cincinnati, OH 45233
     Policy:          Homeowners Policy HW-2135
     Date of Loss:    April 5, 2022
     Type of Loss:    Wind

Dear Curtis Olson:

Thank you for allowing us to review this claim. This letter is in response to an Appraisal demand
you submitted under State Farm Homeowner's Policy 70-GD-R068-7 ("the Policy"). The
Appraisal demand relates to dwelling loss, which occurred on April 5, 2022, at 2059 Danville
Drive, Cincinnati, OH 45233 ("the Property"). The dwelling loss involves reported damage to the
property resulting from a weather-related event ("Loss"). I direct your attention to the appraisal
provision in the Policy, which states in part:

### SECTION 1 – CONDITIONS

4.  **Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that
    the amount of the loss be set by appraisal. Only *you* or *we* may demand appraisal. A
    demand for appraisal must be in writing. *You* must comply with **SECTION I –
    CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10
    days before demanding appraisal, the party seeking appraisal must provide the other party
    with written, itemized documentation of a specific dispute as to the amount of the loss,
    identifying separately each item being disputed.

    a.  Each party will select a competent, disinterested appraiser and notify the other party of
        the appraiser's identity within 20 days of receipt of the written demand for appraisal.

    b.  The appraisers will then attempt to set the amount of the loss of each item in dispute as
        specified by each party, and jointly submit to each party a written report of agreement
        signed by them. In all instances the written report of agreement will be itemized and
        state separately the *actual cash value*, replacement cost, and if applicable, the market
        value of each item in dispute.

*Providing Insurance and Financial Services*                    Home Office, Bloomington, IL

PLAINTIFF'S
EXHIBIT
" D "

E-FILED 03/02/2023 3:09 PM  /  CONFIRMATION 1291250  /  A 2300887  /  COMMON PLEAS DIVISION  /  IFO

CURTIS OLSON
Claim Number: 35-32K2-73V
Page 2

The written report of agreement will set the amount of the loss of each item in dispute and will be binding upon *you* and *us*.

c. If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, disinterested umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:

(1) *you* or *we* may make a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the *residence premises* is located to select an umpire;

(2) the party requesting the selection described in item c.(1) must provide the other party:

(a) written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application; and

(b) a copy of the written application; and

(3) a written report of agreement, as required in item b., signed by any two (appraisers or appraiser and umpire) will set the amount of the loss of each item in dispute and will be binding upon *you* and *us*. In all instances the written report of agreement will be itemized and state separately the *actual cash value*, replacement cost, and, if applicable, the market value of each item in dispute.

d. To qualify as an appraiser or umpire for a loss to property described in **COVERAGE A — DWELLING**, a person must be one of the following and be licensed or certified as required by the applicable jurisdiction:

(1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of *property damage* in dispute;

(2) an adjuster or public adjuster with experience and training in estimating the type of *property damage* in dispute; or

(3) a contractor with experience and training in the construction, repair, and estimating of the type of *property damage* in dispute.

e. A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer:

(1) has performed services for either party with respect to the claim at issue in the appraisal; or

(2) has a financial interest in the outcome of the claim at issue in the appraisal.

f. Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by *you* and *us*.

g. *You* and *we* do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:

(1) any other questions of fact;

(2) questions of law;

CURTIS OLSON
Claim Number: 35-32K2-73V
Page 3

      (3) questions of coverage;

      (4) other contractual issues; or

      (5) to conduct appraisal on a class-wide basis.

  i. Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.

  j. A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

6. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

As is expressly stated in paragraph h. above, appraisal is only available to determine the amount of the loss of each item in dispute and does not include any authority to decide any other questions of fact or questions of coverage. This is not a case in which the parties "have failed to agree on the amount of the loss." Rather, at present, the parties do not agree upon the scope of the repairs which would be covered under the State Farm policy for the specific items not listed on State Farm's estimate.

Therefore, because the dispute herein centers around whether you are entitled to recover damages for items that were found to not be covered by the policy, appraisal would not be appropriate as outlined above as the appraisers and umpire have no authority to decide whether certain items are covered or any other questions of coverage.

Please be advised, that State Farm is not waiving any other policy coverage's, limitations, exclusions, or provisions, all of which are reserved.

If you have any questions about the appraisal process or the contents of this letter, please contact Claim Specialist Wesley Ponder at 844 458 4300 extension 9729159427.

Sincerely,

Luis Almodovar
Team Manager
E-mail statefarmfireclaims@statefarm.com
State Farm Fire and Casualty

PAVAN PARIKH
COUNTY COURTHOUSE ROOM
375
1000 MAIN
CINCINNATI OH 45202
A 2300887 D 1



**CERTIFIED MAIL**

7194 5168 6310 0983 1293

03/03/2023  SUMMONS & COMPLAINT
STATE FARM FIRE  CASUALTY CO
% CORPORATE SERVICE COMPANY
3366 RIVERSIDE DR STE 103
UPPER ARLINGTON OH 43221